**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-3916-RMR

ANTONIO TELESFORO DIAZ MONTEJO,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD WALLACE BLANCHE, U.S. Attorney General;
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, or his successor in office;
GEORGE VALDEZ, Director, ERO Field Office Denver; and
JUAN BALTAZAR, Warden, Aurora Contract Detention Facility,

Respondents.

---

**ORDER**

---

Petitioner Antonio Telesforo Diaz Montejo ("Petitioner") is a 38-year-old native of Guatemala who has lived continuously in the United States for approximately twelve years. ECF No. 1 ¶ 1. He has worked in the United States, files federal income tax returns, holds a REAL ID-compliant driver's license, and has never missed an immigration appearance. *Id.* He has been detained by Immigration and Customs Enforcement ("ICE") since June 1, 2026. *Id.* Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") on August 25, 2026, requesting release from custody. ECF No. 1 at 13.

On August 26, 2026, the Court ordered Petitioner to "**SERVE** Respondents with a copy of the [1] Petition, and accompanying papers, along with a copy of this Order, **by e-**

**mail and certified mail**, on or before **8/28/2026**." ECF No. 5. The Court further ordered Petitioner to "promptly file proof of such service on the docket," and Respondent to "promptly enter their notices of appearance." *Id.* Petitioner has filed proof of service, dated August 28, 2026, in compliance with the Court's order. ECF No. 6 at 5. However, Respondents have not entered an appearance or filed a response to the Petition. The response deadline was September 4, 2026.

Petitioner filed the Motion to Grant the Petition for a Writ of Habeas Corpus Upon Respondents' Failure to Show Cause ("Motion"), ECF No. 7, on September 14, 2026. In the Motion, Petitioner requests the Court "[g]rant the Petition and order Petitioner's immediate release on recognizance or reasonable bond." ECF No. 7 at 13. Indeed, it is apparent to the Court that Respondents have failed to comply with its Order, ECF No. 5. Additionally, Respondents have submitted identical responses in similar cases stating they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *See e.g.*, *Arevalo-Trigueros v. Venturella*, Case No. 1:26-cv-4046-RMR, ECF No. 6 at 1 (D. Colo. Sep. 8, 2026). Given this, along with Respondent's failure to enter an appearance or respond to the Petition, the Petition is granted.

With respect to the appropriate relief, this Court has previously granted similar petitions and ordered Respondents to provide those petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-

02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*, 2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3. Other courts in this District have also expressed "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Given this reality, the Court finds Petitioner's immediate release is the appropriate remedy. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (contemplating the district court should "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. The Motion to Grant the Petition for a Writ of Habeas Corpus Upon Respondents' Failure to Show Cause (ECF No. 7) is **GRANTED**;
2. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;
3. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other

restrictions on his movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

4. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
5. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and
6. On or before **September 25, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: September 18, 2026

BY THE COURT:

________________________________
REGINA M. RODRIGUEZ
United States District Judge